UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Willie James Owens, # 219832, | ) | **C/A No. 3:07-2929-CMC-JRM** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Henry Dargan McMaster;<br>William M. Catoe;<br>C. Weston Houck; and<br>George Hagan, Warden, | )<br>)<br>)<br>) | |
| | ) | |
| Defendants. | ) | |

## *Background of this Case*

The plaintiff is an inmate at the Allendale Correctional Institution of the South Carolina Department of Corrections (SCDC). He has brought suit against the Attorney General of the State of South Carolina (Henry Dargan McMaster), a Senior United States District Judge (the Honorable C. Weston Houck), a United States Magistrate Judge (the Honorable William M. Catoe), and the Warden of the Allendale Correctional Institution (George Hagan).

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of the plaintiff's dissatisfaction with the result of a prior habeas corpus action decided by Judge Houck, *Willie J. Owens v. State of South Carolina; and Charles Condon, Attorney General of the State of South Carolina*, Civil Action No. 6:02-0261-CWH-WMC (formerly Case

1

No. 6:02-0261-12AK).[1]    In a Report and Recommendation filed in Civil Action No. 6:02-0261-CWH-WMC on April 3, 2002, Magistrate Judge Catoe recommended that the petition be dismissed without prejudice and without issuance and service of process because the petitioner had not exhausted his state remedies.  The petitioner filed timely written objections to the Report and Recommendation on April 12, 2002.  While the petitioner's objections to the Report and Recommendation were pending before Judge Houck, the petitioner filed a series of motions, including a motion for a DNA test and a motion for a ruling on the Section 2254 petition.  On February 24, 2004, Judge Houck adopted the Report and Recommendation, dismissed the case without prejudice, and found the petitioner's post-Report and Recommendation motions to be moot.

The above-captioned case has been assigned to the undersigned United States Magistrate Judge because the plaintiff has named Magistrate Judge Catoe as a defendant. *Pilla v. American Bar Ass'n*, 542 F.2d 56, 58 (8th Cir. 1976) ("It is axiomatic that no man should sit in judgment of his own case.").

## *Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C.

---

[1] In the spring of 2005, the Office of the Clerk of Court implemented a new system for listing case numbers for use in the Case Management-Electronic Case Filing System (CM-ECF).  Under this new system, the two alphabetical suffixes at the end of the civil action number reflect the United States District Judge assignment and United States Magistrate Judge assignment.

[2] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

2

§ 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, *Moffitt v. Loe*, 446 U.S. 928 (1980); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978).  The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S. Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Attorney General Henry McMaster is immune from suit for actions taken in connection with the plaintiff's criminal case. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500

---

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

U.S. 478 (1991); and *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Moreover, prosecutorial immunity also extends to the direct appeal, post-conviction case, and habeas corpus case. *See Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (prosecutorial immunity extends to appeals). *Cf. Lowe v. Letsinger*, 772 F.2d 308, 314-315 & n. 7 (7th Cir. 1985); and *Houston v. Partee*, 978 F.2d 362, 365-369 & nn. 3-4 (7th Cir. 1992), *cert. denied*, *Partee v. Houston*, 507 U.S. 1005 (1993).

Judge C. Weston Houck, United States District Judge, and the Honorable William M. Catoe, United States Magistrate Judge, are immune from suit because of judicial immunity.[4] *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*,

---

[4]In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. "*Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits." *Wright v. Park*, 5 F.3d 586, 589 n. 4 (1st Cir. 1993), which *cites*, *inter alia*, *Carlson v. Green*, 446 U.S. 14, 18 (1980)(restating *Bivens* rule).

A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Bolin v. Story*, 225 F.3d 1234, 1241-1242 (11th Cir. 2000); and *Campbell v. Civil Air Patrol*, 131 F.Supp.2d 1303, 1310 n. 8 (M.D.Ala. 2001)(noting that, since courts have expanded the *Bivens* remedy, usually used for a Fourth Amendment violation, to allow direct action under First and Fifth Amendments, "the court shall refer interchangeably to cases" decided under both § 1983 and *Bivens*). Hence, the undersigned is treating the above-captioned case, in part, as a *Bivens* action against Judge Houck and Magistrate Judge Catoe.

831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991); and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). Moreover, since Magistrate Judge Catoe and Judge Houck clearly had jurisdiction over Civil Action No. 6:02-0261-CWH-WMC under 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), it is clear that they did not act "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*.

Also relevant in the case *sub judice* is statutory law relating to judicial complaints filed against United States Circuit Judges, United States District Judges, and United States Magistrate Judges. A judicial complaint is not the proper mechanism where the subject of the judicial complaint is, or can be, the subject of an appeal or of objections in a case. *See* 28 U.S.C. § 372(c)(3)(A), which authorizes the Chief Judge of a circuit to dismiss a judicial complaint where it is directly related to the merits of a decision or a procedural ruling. *See In Re Evans*, 801 F.2d 703, 705-708 (4th Cir. 1986); and *In Re Sassower*, 20 F.3d 42 (Judicial Council of 2nd Cir. 1994). *Cf. In Re Beard*, 811 F.2d 818, 826-827 (4th Cir. 1987) (petition for a writ of mandamus not a substitute for an appeal); *In Re United Steelworkers of America*, 595 F.2d 958, 960 (4th Cir. 1979); and *Queen v. Leeke*, 457 F. Supp. 476, 479 (D.S.C. 1978).[5]

---

[5]The plaintiff's allegation about the changing of the case number by the addition of -12 is without merit. Under the case numbering convention used by the Clerk's Office at the time, the numerical
(continued...)

Warden George Hagan was not a party to or involved in Civil Action No. 6:02-0261-CWH-WMC. It appears that the plaintiff has named him as a defendant because the plaintiff is still in prison on concurrent twenty-year (two counts) and thirty-year sentences (two counts) for criminal sexual conduct with a minor and first-degree criminal sexual conduct (convictions entered in the Court of General Sessions for Marion County on June 1, 1995). Warden Hagan is subject to summary dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994), because the plaintiff's convictions have not been reversed, vacated, or set aside.

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. Since Judge Houck and Judge Catoe are immune from suit, this case is encompassed by 28 U.S.C. § 1915A(b)(2). Hence, I also recommend that the above-captioned case be deemed a "strike" for

---

(...continued)
suffix -12 indicated that the case was assigned to Judge Houck. The numerical suffix, however, did not appear on docket sheets generated by the docketing system (ICMS) used by the Clerk's Office at the time. Contrary to the plaintiff's allegation, no order was entered in Civil Action No. 6:02–261-CWH-WMC on July 25, 2003.

purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).  The plaintiff's attention is directed to

the Notice on the next page.


September 5, 2007	s/Joseph R. McCrorey
Columbia, South Carolina	United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, *Schronce v. United States*, 467 U.S. 1208 (1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).